POSADOS, COLLECTOR OF INTERNAL REVENUE, *v.* WARNER, BARNES & COMPANY, LTD.

POSADOS, COLLECTOR OF INTERNAL REVENUE, *v.* MENZI.

Nos. 251 and 252. Argued February 26, 1929.—Decided April 22, 1929.

*Mr. Wm. Cattron Rigby,* Judge Advocate, with whom *Messrs. Edward A. Kreger,* Judge Advocate General, U. S. A., and *Delfin Jaranilla,* Attorney General of the Philippine Islands, were on the brief, for petitioner.

*Mr. Martin Taylor* presented the oral argument for respondents, and *Messrs. Clyde Alton DeWitt* and *Eugene Arthur Perkins* submitted a brief in behalf of respondent Warner, Barnes & Co., Ltd.

MR. JUSTICE BUTLER delivered the opinion of the Court.

### No. 251.

Respondent sued petitioner in the court of first instance of Manila to recover a tax alleged to have been illegally imposed on a stock dividend. The tax was levied under Act 2833 of the Philippine Islands, approved March 7, 1919, as amended by Act 2926, March 26, 1920. The provision here involved is substantially like that in § 2(a) of the Revenue Act of 1916 for the United States, which was held invalid in *Eisner* v. *Macomber,* 252 U. S. 189. The trial court deemed that and other decisions of this Court authoritative, held the stock dividend was not income, and gave judgment for plaintiff. Defendant appealed to the supreme court. One of the justices was

disqualified because as Attorney General he had acted for the defendant in this case. The appeal was submitted to the court consisting of eight justices who divided evenly. Then the case was referred to the first division consisting of five justices. § 138, Revised Administrative Code of 1917. The opinion of the division, four justices concurring and one dissenting, upheld the lower court, and thereupon the supreme court affirmed the judgment.

There was an agreed statement of facts, the substance of which follows. Respondent is a British corporation authorized to carry on business in the Philippine Islands. In 1923, it owned stock in a domestic corporation and received a dividend of profits accruing since March 1, 1913, which was paid by the company in its shares having a par value of 43,500 pesos. Petitioner, as Collector of Internal Revenue, included the amount in respondent's income for 1923 and levied thereon the tax in question. Respondent paid under protest, requested petitioner to refund the amount and, that being refused, brought this suit.

Section 1 (a) imposes an annual normal tax of three per cent. upon the net income of individuals; and § 1 (b) provides that, in addition to such tax there shall be levied and paid upon such income graduated surtaxes at specified rates.

Section 2 (a) provides: ". . . The taxable net income of a person shall include gains, profits, and income derived from salaries . . . also from . . . dividends . . . or gains, profits and income derived from any source whatever."

Section 10 (a) provides: "There shall be . . . paid annually upon the total net income received in the preceding calendar year from all sources by every corporation . . . a tax of three per centum upon such income . . . including the income derived from dividends. . . ."

Section 25 (a) provides: "The term 'dividends' as used in this Law shall be held to mean any distribution made or ordered to be made by a corporation . . . out of its earnings or profits accrued since March first, nineteen hundred and thirteen, and payable to its shareholders, whether in cash or in stock of the corporation . . . Stock dividend shall be considered income, to the amount of the earnings or profits distributed."

The petitioner admits that, strictly speaking, a stock dividend is not income. But he insists, and respondent concedes, that, in the absence of constitutional restriction, such dividends may be taxed. And the parties agree that the tax in question is within the scope and intent of the statute.

The supreme court held that the tax on stock dividends is a property tax and that the graduated rates infringe the provision of § 3 of the organic act of August 9, 1916, c. 416, 39 Stat. 545, which declares that the rule of taxation. in the Islands shall be uniform. But in this case that point has no foundation in fact. The graduated rates are applied and imposed only upon individuals. § 1 (b). Corporations such as respondent are subject only to a flat rate of three per cent. § 10(a). And that rate applied to the stock dividend produced 1305 pesos, the tax paid. The rule of uniformity was not transgressed.

And in support of the judgment below it is insisted that the provision imposing a tax upon stock dividends violates that clause of § 3 of the Organic Act which declares: " That no bill which may be enacted into law shall embrace more than one subject, and that subject shall be expressed in the title of the bill."

Act 2833 is entitled: "An Act establishing the income tax, making other provisions relating to said tax, and amending certain sections of Act Numbered Twenty-seven hundred and eleven." The insular supreme court held

that the subject of the Act was not adequately expressed because a tax on stock dividends is one upon capital, while the title specified only the income tax. But in our opinion that is too strict a construction. Provisions in substance the same as that above quoted are found in many state constitutions. The purpose is to prevent the inclusion of incongruous and unrelated matters in the same measure and to guard against inadvertence, stealth and fraud in legislation. When bills conform to such requirements, their titles serve conveniently to apprise legislators and the public of the subjects under consideration. Courts strictly enforce such provisions in cases that fall within the reasons on which they rest. But, as freedom required or convenient for the effective exertion of the legislative power ought not unnecessarily or lightly to be interfered with, the courts disregard mere verbal inaccuracies, resolve doubts in favor of validity, and hold that, in order to warrant the setting aside of enactments for failure to comply with the rule, the violation must be substantial and plain. *Louisiana* v. *Pilsbury,* 105 U. S. 278, 289. *Montclair* v. *Ramsdell,* 107 U. S. 147, 153. *Read* v. *Plattsmouth,* 107 U. S. 568, 578. *City of South St. Paul* v. *Lamprecht Bros. Co.,* 88 Fed. 449, 451. *Johnson* v. *Harrison,* 47 Minn. 575. Cooley's Constitutional Limitations (7th ed.) p. 202 *et seq.* Sutherland, Statutory Construction (2d ed.) §§ 111, 115–118. The Philippine income tax law was passed before our decision in *Eisner* v. *Macomber, supra.* The Revenue Acts of 1916 and 1918, after which that measure was patterned, treated stock dividends as income. It was then well known by those giving attention to that sort of taxation that Congress treated stock dividends as taxable income. The inclusion of such distributions within the meaning of " income " as used in taxing statutes was not calculated or likely to mislead. The title was sufficient to notify legislators and others interested that the bill might include

and tax stock dividends. *Tax Commissioner* v. *Putnam*, 227 Mass. 522, 531. And that form of property was not so unrelated to the subject of the bill as expressed in the title that its inclusion was within the mischief which the quoted provision of the Organic Act was intended to prevent. The point cannot be sustained.

In *Fisher* v. *Trinidad*, 43 Phil. 973, the insular supreme court held that stock dividends are not taxable as income under the Act hereunder considered. The opinion of the first division in this case cites that decision and states that it has become a rule of property. Respondent supports that view, argues that the shareholders and the corporation had a right to rely on that decision, and asserts that it disposes of the issues here presented.

The question in that case arose upon demurrer to the complaint. The decision was announced October 30, 1922. Subsequently, the taxpayer withdrew his protest and the case was dismissed as moot six months before this suit was commenced. 45 Phil. 751. The even division of the eight justices and the opinion of the first division in this case make it clear that the supreme court itself did not consider the question of the taxability of stock dividends as income to be foreclosed. The decisions of the highest court of the Philippines on such questions are reviewable here. The doctrine of *stare decisis* does not apply with full force prior to decision in the court of last resort. The circumstances negative the claim that the case established any "rule of property." *Calhoun G. M. Co.* v. *Ajax G. M. Co.*, 27 Colo. 1, 11.

Moreover, *Fisher* v. *Trinidad* merely decided that "stock dividends" are not taxable as "income" under the Act. Petitioner does not combat that view or claim that such distributions do constitute income. The Philippine Legislature has power to lay a tax in respect of the advantage resulting to recipients from the allotment and delivery of such dividend shares. *Swan Brewing Co.* v.

*Rex,* [1914] A. C. 231. Respondent rightly concedes that, there being no constitutional restriction, such dividends may be taxed and that the statute discloses a purpose to tax them. The decision of this Court in *Eisner* v. *Macomber* rested on constitutional provisions not applicable to the Philippine Islands.

Respondent suggests no ground on which the judgment of the lower court can be sustained.

### No. 252.

Respondent sued petitioner in the court of first instance of Manila to recover a tax on a stock dividend. That court held the tax valid but the supreme court reversed, following its decision in No. 251.

Respondent owned capital stock in Menzi & Company, Inc., a corporation organized under the laws of the Philippines. In 1923, that company paid to respondent out of profits made after March 1, 1913, a dividend in stock of the par value of 50,000 pesos. The collector included that amount in respondent's income for that year; and, by reason of such inclusion, assessed and collected from him a tax of 637.87 pesos.

This case differs from No. 251 in that here the taxpayer is an individual subject to surtaxes on income while corporations are subject to a flat rate. The supreme court held that, as stock dividends do not constitute income, the tax is on property and that therefore the specified graduated rates violate the rule of uniformity. But the record does not disclose the rate at which the tax was assessed or show any facts to support the suggestion that the required equality was lacking.

In other respects, this case is the same as No. 251.

*Judgments reversed*