107 So.2d 419 (1958)
236 La. 133
CITY OF SHREVEPORT
v.
Andrew BAYLOCK.
No. 44082.
Supreme Court of Louisiana.
December 15, 1958.
Blanchard & Taylor, Gorman E. Taylor, Shreveport, for petitioner.
William L. Murdock, City Atty., John D. Caruthers, Jr., Asst. City Atty., Shreveport, for respondent.
*420 HAMITER, Justice.
An affidavit filed in the City Court of Shreveport alleged that Andrew Baylock, on December 15, 1957 and within the limits of the City of Shreveport, "unlawfully did operate a motor vehicle while under the influence of intoxicating liquor and narcotic drugs." Specifically, the named person was charged with having violated an ordinance provision contained in Section 19-65 of the Code of Shreveport which recites:
"Reckless driving shall be held to mean the following offenses which are hereby prohibited:
"(a) Driving a vehicle within the city while under the influence of intoxicating liquor or narcotic drugs. * * *"
After having been convicted as charged in the Shreveport City Court, and sentenced to pay a fine of $150, the defendant appealed to the Criminal Division of the First Judicial District Court of Caddo Parish over which Judge John A. Dixon presided at the time. There he first filed motions to quash the affidavit, alleging that (1) the city ordinance under which he was charged is in conflict with the reckless driving state statute (LRS 14:99) and, hence, is violative of Article 14, Section 40 of the Louisiana Constitution, and (2) the City of Shreveport is barred from conducting this prosecution because previously Judge Henry F. Turner, another member of the First Judicial District Court, had decreed the ordinance in question to be unconstitutional in the case of City of Shreveport v. Walter L. Sanders and the municipality failed to seek a review of the ruling through an appeal or an application for remedial writs. Judge Dixon overruled the motions to quash.
Following a trial de novo the conviction was affirmed. Thereupon the defendant tendered motions for a new trial and in arrest of judgment, he urging therein the same contentions made in the mentioned motions to quash. After these were also overruled by Judge Dixon the defendant successfully invoked the supervisory jurisdiction of this court.
The motions of the defendant filed in the district court and his application for remedial writs (which was granted) present for determination the following questions: (1) Is the mentioned city ordinance inconsistent or in conflict with the state statute defining reckless driving, namely LRS 14:99? (2) Is the City of Shreveport barred from conducting this prosecution inasmuch as it sought no review of Judge Henry F. Turner's decision in the case of City of Shreveport v. Walter L. Sanders that such ordinance is unconstitutional?
In our opinion both of these questions (they will be discussed hereinafter in the order listed) must be answered in the negative.
Article 14, Section 40 of the Louisiana Constitution recites that every municipality may adopt and enforce any local police regulation, provided that it is not inconsistent or in conflict with the Constitution or any general laws passed by the Legislature. Directing attention to this recital relator argues that since Shreveport's reckless driving ordinance specifically includes driving while under the influence of intoxicating liquor or narcotic drugs and no such inclusion is found in LRS 14:99 (defining reckless driving) there is a conflict between the two laws.
The mentioned statute provides: "Reckless operation of a vehicle is the operation of any motor vehicle, aircraft, vessel, or other means of conveyance in a criminally negligent or reckless manner." And LRS 14:12 states: "Criminal negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances." *421 Clearly, these definitions are broad enough to include driving while under the influence of intoxicating liquor or narcotic drugs (specifically prohibited by the ordinance under consideration). An act of that kind is certainly one of the gravest and potentially most dangerous types of motor vehicular operation. The committing of it amounts to the mentioned "disregard of the interest of others" and, hence, constitutes criminal negligencean essential ingredient of the offense of reckless operation of a vehicle denounced by LRS 14:99. In this connection it must be noted that LRS 14:98 specifically provides: "Operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, vessel, or other means of conveyance by a person under the influence of intoxicating liquor or narcotic drugs." Consequently, it is our opinion that the inconsistency or conflict contended for by relator does not exist.
Our decision in City of Alexandria v. LaCombe, 220 La. 618, 57 So.2d 206, cited and relied on by relator, is inapposite. In that case the gambling acts prohibited by the city ordinance were of broader scope than those contemplated by the definition of gambling contained in the state statute then under consideration. Moreover, there was no other statute denouncing such acts as being criminal.
In determining the second question above posed there appears to be no precedent in our jurisprudence to aid us. However, the issue involved has been considered in other jurisdictions, the holdings of which were that a definitive judgment of a tribunal that is not a court of last resort is conclusive only for the particular case decided and is not binding in future cases.
Thus in 21 C.J.S. Courts § 200 it is said: "While a court is not always bound, under the principle of stare decisis, to follow the decisions of another court whose authority is coordinate, such decisions are very persuasive, and it is well established as a general rule that a court will adhere to a principle, not clearly erroneous, which is laid down by another court of coordinate jurisdiction, until the rule is settled otherwise by the decision of a higher court. * * * The rule is, however, merely one of comity, not requiring a court to abdicate its own individual judgment and applicable only where the court is in doubt as to the soundness of its views, for the purpose of establishing uniformity of rulings and avoiding confusion; * * *."
And in 14 American Jurisprudence verbo Courts, Section 74, the following observation is noted: "The doctrine of stare decisis is based upon the assumption that the rules of law to which this doctrine applies have previously been determined by a court having final jurisdiction of the questions involved. For this reason, where the decision of a tribunal is subject to review by one having superior authority over it for that purpose or the question determined may be passed upon by such tribunal in another case, the doctrine of stare decisis does not apply with full force until the same questions have been determined by the court of last resort. * *" See also Calhoun Gold Mining Company v. Ajax Gold Mining Company, 27 Colo. 1, 59 P. 607, 50 L.R.A. 209 and Posados v. Warner Barnes and Company, 279 U.S. 340, 49 S.Ct. 333, 73 L.Ed. 729.
While appearing to be obiter dicta, a somewhat similar doctrine is set forth in Allen v. State Board of Veterinarians, 72 R.I. 372, 52 A.2d 131, 133, decided by the Supreme Court of Rhode Island in 1947. There the court was considering whether certain legislation granted to the inferior court the right to determine the constitutionality of statutes. In passing, it commented: "Whether or not this latter result was actually intended, the fact remains that the legislature expressed itself in direct, plain and unmistakable language * * *. As a result of such method of amendment we point out, among other things, that a question concerning the constitutionality of a statute may now be determined, in the first instance at least, by *422 any one of the eleven justices of the superior court and by every justice, assistant justice or clerk authorized to act as a justice of any one of the twelve district courts; that the determination of such question by one of those courts is not binding on the other, so that contrary conclusions on the same question might well be reached; that, in different cases raising the same question, different justices of the same court might decide the question in conflict with each other; and that, subject to the provisions of § 6, as amended, unless a case involving a question of the constitutionality of a statute were brought to this court by appellate proceedings, the determination of such question by the superior or district courts would stand only for the case in which it was made and therefore would not bind all the people of this state."
Likewise, in this state if a constitutional issue is passed on by a city court, a district court, or a Court of Appeal the decision should not be binding on courts of coordinate jurisdiction; each such court should possess the right to determine the same question as it arises until such time as this court reaches a definitive conclusion on the point. Consequently, when one of the judges (Judge Turner) of the First Judicial District Court of Caddo Parish passed on the constitutionality of the ordinance in question his decision was effective only for the case in which it was announced and could not prevent another judge (Judge Dixon) of that court (and this court on a review of the judgment) from later determining the same constitutional issue.
For the reasons assigned the writs heretofore issued are recalled and vacated and the conviction and sentence are affirmed.
PONDER, Justice (dissenting).
I cannot agree with the majority holding herein because it seems clear to me that the provisions of the City Code of Shreveport add to and enlarge the definition of reckless driving as defined in LSA-R.S. 14:99 in contravention of Article 14, Section 40(d) of the Louisiana Constitution, LSA. I am also of the opinion that the holding in the case of Alexandria v. LaCombe, 220 La. 618, 57 So.2d 206 upholds my views, therefore I respectfully dissent.