*365 HAMLIN, Justice:
Defendant appeals from his conviction of the offense of operating a vehicle while under the influence of a substance containing alcohol when the same had affected a physical or mental faculty of the defendant sufficiently to make the driving or operation of said vehicle less safe, a violation of Section No. 24-6 of the City of Monroe Code (Ordinance 3263 as amended),[1] and *367 his- sentence to pay a fine of $500.00, or serve 125 days in jail, plus $10.00 court costs, and to serve a compulsory jail sentence of 60 days.
Defendant was arrested and booked on September 14, 1968, an affidavit having been sworn against him on the same day. He refused to give the Monroe Medical Diagnostic Laboratories permission to secure a sample of his blood by venipuncture for the performance of blood alcohol determination. He was arraigned on September 25, 1968, and entered a plea of not guilty. He was tried by the Judge of the City Court of the City of Monroe on October 16, 1968, and found guilty of driving while intoxicated. On November 20, 1968, he appeared before the court for sentencing, which had been previously set for that date. Before sentencing, counsel for the defendant filed a “Motion for New Trial and, altentatively, Motion in Arrest of Judgment,” which recites in part:
“That a new trial should be granted under LSA-R.S. 14:851(1) and (5) [Art. 851(1) and (5), Code of Criminal Procedure [2]] in that the verdict rendered is contrary to the law and evidence for the reason that the evidence adduced in the trial hereof by the prosecuting authority failed to prove beyond any reasonable doubt that the Defendant was operating a motor vehicle while under the influence as defined by applicable statute/ordinance; that the verdict rendered is predicated upon the interpretation given L.S. A.-R.S. 32:661-669 to the effect that the refusal by Defendant to take a chemical test of his blood for the purpose of determining the alcoholic content of his blood is tantamount to an admission that, and. operates to create a presumption that, *369 the Defendant was operating a motor vehicle while under the influence as defined by applicable statute/ordinance; that such interpretation of the aforenoted Revised Statute is erroneous, and contrary to law, and accordingly, Mover urges this Honorable Court to grant a new trial so that the ends of justice may be best served thereby.
“Alternatively, Mover urges that in the event the Motion for a New Trial is denied, that the Court arrest the Judgment rendered herein, and not pronounce same for the reason that the interpretation and effect given to L.S.A.-R.S. 32:661-669, and namely, the effect of a refusal by the Defendant to take the chemical test authorized therein, all as noted/ in Paragraph 1 above, denies the Defendant due process of law by shifting the burden of proof in a criminal prosecution from the prosecuting authority to the Defendant, contrary to L.S.A.-R.S. 15:271, contrary to the Constitution of the State of Louisiana, Article 1, Section 2, and the Constitution of the United States, Amendment XIV; * * * ”[3]
The trial court overruled the combined motions; counsel for the defendant reserved two bills of exceptions; the trial judge imposed sentence and rendered the following per curiam:
“This is a case where the prosecution’s witnesses consisted of two police officers. The Court was highly impressed by their testimony; thought they were very fair. They testified in substance that the defendant was not drunk, but that he was under the influence to the extent that they thought he was unsafe to operate a motor vehicle. They further testified that he initially consented to take the bloodiest, and then on the advice of Mr. McSherry he decided not to take the bloodtest. There were several witnesses for the defense who had seen him earlier in the evening and who knew him well. These witnesses the Court does not consider too important as they saw him earlier in the evening. They may be corroborative.
“The primary witness for the defense was Commissioner H. W. McSherry, a commissioner of the City of Monroe. The Court does take note that he is: (1) a public official, (2) an elected public official, and (3) an elected public official of the prosecuting agency. For that reason, the Court would give great weight to his testimony. The Court wishes to be fair in passing this opinion *371 . ’arid make a fair statement of its- reasons. The Court does feel that were it not for the new legislation passed with respect to the blood alcoholic test that the Court, weighing all the evidence, would have found the defendant not guilty. But the Court is of the opinion that the new legislation, zvhile not creating an irrebuttable presumption, does create more of a presumption than ever befórej and the legislation intended this and I will be frank in so stating.” (Emphasis ours.)
As stated supra, the Minutes of the Trial Court, November 20, 1968, recite that counsel for the defendant reserved bills of exceptions when the trial court, overruled the motion for a new trial and the motion in arrest of judgment, but the record contains no perfected bills. Counsel for the defendant and the State both argue two bills of exceptions in brief, and they presented similar argument when this matter was heard herein on appeal.
Article 841 of the Code of Criminal Procedure provides:
“An irregularity or error in. the proceedings cannot be availed of after verdict unless it is objected to at the time of its occurrence and a bill of- exceptions is reserved to the adverse ruling of the court on such objection. Failure to reserve a bill of exceptions at the time of an adverse ruling of the court operates as a waiver of the objection and as an acquiescence in the irregularity or ruling.
“This requirement shall not apply to:
“(1) A ground for arrest of judgment under Article 859, or the court’s ruling on a motion in arrest of .judgment;, or
“(2) The court’s ruling, on a motion for new trial based on the ground of bills of exceptions reserved during the trial.”
Article 859 of the Code of Criminal Procedure provides:
“The court shall arrest the judgment only on one or more of the following grounds:
« ;¡c Hí ^ Hi Hi Hi
“(5) The verdict is not responsive to-the indictment, or is otherwise so defective that it will not form the basis of a valid judgment;
“ * * * ” (Emphasis ours.)
The “Motion for New Trial and, alternatively, Motion in Arrest of Judgment,” filed by defense counsel, as we see same, allege that the judgment of the tiral court is so defective that it cannot form the basis of a valid judgment. Article 859(5), Code of Criminal Procedure, supra. Under such circumstances, we find that this matter can be considered on appeal.
*373 Herein, counsel for the defendant contends that LSA-R.S. 32:661-669, supra, were designed, created, and intended as reasonable methods of regulating and controlling the offense of driving while under the influence of intoxicating beverages. The prohibition is clear, and the refusal to take the test' prescribed allows the State to re■voke the operator’s permit to operate a motor vehicle. No other punitive measure is prescribed, nor is any presumption created. Counsel further argues that the trial court’s interpretation of LSA-R.S. 32:661-669 demies the defendant due process of law in that it -creates an incriminating presumption requiring rebuttal and thereby shifting the burden of proof, or a large portion thereof, to the defendant.
The State submits that the trial court committed no errors in the conduct of this case, and, if any of defendant’s complaints amount to error, then, the accused was not deprived of his substantial rights ■or prejudiced in any manner. It urges that the conviction and sentence should be affirmed.
LSA-R.S. 32:661, supra, provides that any person who operates a motor vehicle. upon the public highways of Louisiana .shall, under certain prescribed circumstances, be deemed to have given consent to the making of a chemical alcoholic test of -his blood, breath, urine, or other bodily substance. Such tests have been de-
clared constitutional in the cases of Breithaupt v. Abram, 352 U.S. 432, 77 S.Ct. 408, 1 L.Ed.2d 448, and Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908. LSA-R.S. 32:667, supra, provides that no chemical test shall be given to a person who refuses to submit to same. LSA-R.S. 32:666, supra, provides that where a person under arrest under certain prescribed circumstances refuses to submit to a chemical test, evidence of such refusal shall be admissible in any criminal action or proceeding arising out of acts alleged to have been committed while the person was driving or in actual physical control- of a motor vehicle upon the public highways of Louisiana while under the influence of alcoholic beverages. LSA-R.S. 32:667 further provides that a person who, under certain prescribed circumstances, refuses to take a chemical alcoholic test shall have his driver’s license suspended. In LSA-R. S. 32:662 it is provided that where a person’s blood contains certain percentages of alcohol, it shall be presumed that he was under the influence of alcoholic'beverages at a specified time. Nowhere in Act 273 of 1968, LSA-R.S. 32:661-669, do we find any recital to the effect that a person’s refusal to take a chemical alcoholic test creates a presumption that such person was intoxicated at the time he allegedly violated the -law. No legislative intention to create such a presumption is spelled out or indicated. - We are constrained to con- *375 elude that evidence of a refusal to take a chemical alcoholic test is relevant evidence and not presumptive evidence.
Presumptions are consequences which the law or the judge draws from a known fact to a fact unknown. LSA-C.C. Art. 2284. A legal presumption is that which is attached by a special law to certain acts or to certain facts. LSA-C.C. Art. 2285. A person accused of crime is presumed by law to be innocent until each element of the crime, necessary to constitute his guilt, is proven beyond a reasonable doubt. No citation of authority on this point is necessary.
Herein, defendant plead not guilty. The plea of not guilty throws upon the State the burden of proving beyond a reasonable doubt each element of the crime necessary to constitute the defendant’s guilt. LSA-R.S. 15 -.271.
We find that the trial judge should have considered defendant’s refusal to take the chemical alcoholic test as relevant evidence. According to his per curiam, supra, he did not do this; he invoked what he evidently thought was a presumption of law. The per curiam recites:
“The Court does feel that were it not for the new legislation passed with respect to the blood alcoholic test that the Court, weighing all the evidence, would have found the defendant not guilty. But the Court is of the opinion that the new legislation, while not creating an irrebuttable presumption, does create more of a presumption than ever before; and the legislation intended this and I will be frank in so stating.”
We find that the trial judge committed error prejudicial to the rights of the defendant. The verdict does not form the basis of a valid judgment. The error demands that we set aside the conviction and sentence. Cf. State v. Henry, 196 La. 217, 198 So. 910.
For the reasons assigned, the conviction and sentence are annulled and set aside. The case is remanded to the City Court of the City of Monroe for a new trial according to law and the views herein expressed.
HAMITER, J., concurs in the decree.
BARHAM and SANDERS, JJ., dissent.
McCALEB, J., absent.

. It was stated during argument in this Court that a City of Monroe Ordinance tracks LSA-R.S. 32:661-669, Act 273 of 1968. Sections of the Revised Statutes pertinent to this prosecution recite:
“PART XIV. TESTS FOR SUSPECTED DRUNKEN DRIVERS ■ [NEW]
“§ 661. Operating a vehicle under the influence of alcoholic beverages; implied consent to chemical tests; administering of test and presumptions; effect of refusal to submit to tests.
“A. Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of R.S. 32 :662, to a chemical test or tests of his blood, breath, urine or other bodily substance for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while believed to be under the influence of alcoholic beverages. The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages. The law enforcement agency by which such officer is employed shall designate which of the aforesaid tests shall be administered.
“B. Any person who is dead, unconscious or otherwise in a condition rendering him incapable of refusal shall he deemed not to have withdrawn the consent provided by Subsection (A) of this section, and the test or tests may be administered subject to the provisions of R.S. 32 :- 662.”
Section 662 provides that if a person’s blood contains certain percentages of alcohol, it shall be presumed that he was or was not under the influence of alcoholic beverages. It also provides that where the content is in excess of 0.05 per cent but less than 0.10 per cent, such fact does not.give rise to a presumption, but such fact shall be considered with oth- • er competent evidence in determining whether a driver was under the influence of alcohol.
“§ 666. Refusal to submit to test admissible as evidence
“If a person under arrest refuses to submit to a chemical test under the provisions of this Part, evidence of refusal shall be ' admissible in any criminal action or proceeding arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages.
“This section has no application to a civil action or proceeding.”
“§ 667. Refusal to submit to test, effect of
“If a person under arrest refuses upon the request of a law enforcement officer to submit to a' chemical test designated by the law enforcement agency as provided in R.S. 32:661, none shall be given. In all such cases the law enforcement officer shall submit a sworn report in a form approved by the director of public safety to the department of public safety that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages and that the person had refused to submit to the test upon the request of the law enforcement of *367 ficer. Upon receipt of the sworn report the department of public safety shall suspend the license of said person or his permit to drive, or any nonresident operating privilege for a period of six months from the date said license is delivered to the department of public safety. This suspension shall be in addition to any subsequent suspension or revocation of the license of any such person arising out of such actions for operating a vehicle while under the influence of alcoholic beverages. If the person is a resident without a license or permit to operate a motor vehicle in this state, the department of public safety shall deny the issuance of a license or permit to such person for a period of six months after the date of the alleged violation, subject to review as hereinafter provided.”

. “The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
“The court, on motion of the defendant, shall grant a new trial whenever:
“(1) The verdict is contrary to the law and the evidence;
<C :}; * $ # * *
“(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.” Art. S51, Code of Criminal Procedure.

. We must conclude that the reasons argued in support of the combined motions were based on oral reasons given by the trial judge when he found the defendant guilty on October 16, 1968.