SUMMERS, Justice.
Mitchell Johnpire, charged by bill of information with simple robbery, a violation of La.R.S. 14:65, was convicted after a jury trial and sentenced to five years’ imprisonment at hard labor.
The defendant and his accomplices robbed the driver of a liquor truck engaged in making deliveries to the Canal Villere Store located on Poland Avenue in Orleans Parish. One of the women arrested in connection with the investigation of this offense cooperated with the police to the extent of naming and identifying her confederates in exchange for plea bargain consideration. Her statements implicating the defendant, her identification of him in a photographic display and her subsequent in-court identification were significant factors in defendant’s prosecution and conviction, especially since the victim had no opportunity to observe defendant.
The complaint of reversible trial error in brief asserts the use of impermissibly suggestive identification procedures in connection with this accomplice’s photographic identification, claimed to subsequently taint the in-eourt identification.
The defense failed to perfect bills of exception in conformity with the procedure required at that time by the Code of Criminal Procedure. Article 845 of the Code of Criminal procedure then provided:
“The bills of exceptions reserved during the trial shall be submitted to the court and signed by it at any time prior to the granting of an order of appeal; except that if the bills of exceptions are not submitted and signed prior to the order of appeal the court shall fix a later date for the submission and signing of bills of exceptions, which extended date must be not later than the return day for the appeal. The court must sign the formal bills of exceptions, but may attach *222 per curiam comments stating its reasons for the rulings. If the court refuses to sign a formal bill of exceptions, its refusal may be reviewed on a writ of mandamus.”
Since this defendant was convicted and sentenced prior to the effective date of Article 844, as amended by Act 207 of 1974, the procedure on appeal prior to that amendment did not permit consideration by this Court of bills of exception not signed by the trial judge as required by law. See La.C.Crim.Pro. art. 844 as it read prior to its amendment by Act 207 of 1974.
A review of the record discloses that no bills of exception nor assignments of error were perfected in accordance with law. The trial judge notes this deficiency in a handwritten addendum to a per curiam which he submitted. The Court is consequently restricted to a review of the record for patent error. State v. Jackson, 332 So.2d 211 (La.1976).
Finding no error by our review of the record, the defendant’s conviction and sentence are affirmed.
DIXON, J., concurs.