354 So.2d 152 (1977)
STATE of Louisiana
v.
Rawlin E. WILLIAMS.
No. 59577.
Supreme Court of Louisiana.
October 10, 1977.
Dissenting Opinion February 3, 1978.
Jeff Bratton, Covington, for defendant-appellant.
*153 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Julian J. Rodrigue, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Rawlin E. Williams was indicted by the grand jury for negligent homicide in violation of La.R.S. 14:32. Defendant waived his right to a trial by jury and elected to be tried by the court. After a bench trial, he was found guilty as charged and was sentenced to serve three years at hard labor. On appeal, defendant relies on one assignment of error for reversal of his conviction and sentence.
Defendant contends the trial judge erred in denying his motion in arrest of judgment on the ground that "the verdict is . . . so defective that it will not form the basis of a valid judgment." La.Code Crim.P. art. 859(5). Specifically, defendant argues that there was no evidence presented from which the trial judge could have concluded that defendant was guilty of criminal negligence, an essential element of the crime of negligent homicide, due to the fact that the trial judge improperly assessed the evidence by applying the incorrect legal standard that driving while intoxicated constitutes criminal negligence.
The facts are not in dispute. On the night of May 27, 1975, defendant was driving his truck within the proper lane of travel in a northwesterly direction on Louisiana Highway 41 in St. Tammany Parish.
At the same time, Michael Duane Roberts, the deceased, was riding his bicycle in a southeasterly direction on the same highway. Roberts was improperly riding in his left-hand lane of travel (the same lane properly used by defendant) and had no lights on his bicycle.[1] Defendant was momentarily blinded by the lights of an oncoming vehicle, and, immediately after the oncoming car passed defendant, defendant's truck collided headon with the bicycle, resulting in the death of Roberts. Several eyewitnesses testified but none gave any indication that defendant was speeding, swerving, or operating his vehicle negligently in any manner.
Defendant immediately proceeded three-tenths of a mile down the highway to obtain aid. Upon finding that the accident had previously been reported to the law enforcement officials, defendant returned to the scene of the accident. Defendant voluntarily informed the investigating officer that he had hit the deceased, offered his assistance and stated that he had had a few alcoholic drinks. Defendant also voluntarily submitted to a blood test, which indicated that his blood contained 0.16 grams per one hundred cubic centimeters of blood.[2]
At the close of the state's evidence, defendant moved for a judgment of acquittal on the ground that no evidence was presented to prove criminal negligence. The trial judge denied the motion.
After closing argument, the trial judge, in finding defendant guilty of negligent *154 homicide, stated that driving while intoxicated "constitutes criminal negligence," citing City of Shreveport v. Baylock, 236 La. 133, 107 So.2d 419 (1958) as authority.
Subsequently, defendant filed a motion in arrest of judgment, arguing that violation of a state statute did not constitute criminal negligence per se, and, hence, there was no evidence of criminal negligence. In denying defendant's motion, the trial judge again stated that driving while intoxicated constituted criminal negligence, referring to City of Shreveport v. Baylock, supra, as the basis for his decision.
Defendant urges as a ground for relief that no evidence was presented to prove criminal negligence, an essential element of the crime of negligent homicide, defined as "the killing of a human being by criminal negligence." La.R.S. 14:32.
In criminal matters, the scope of this court's appellate jurisdiction extends only to questions of law. La.Const. art. 5, § 5(C). It is well settled that a contention that no evidence was produced to prove an essential element of the crime charged presents a question of law which can be reviewed by this court. State v. Blackstone, 347 So.2d 193 (La.1977); State v. Douglas, 278 So.2d 485 (La.1973). The proper procedural vehicles for preserving the no evidence issue for appellate review are a motion for a judgment of acquittal in a judge trial (La.Code Crim.P. art. 778) and a motion for a new trial in either a judge or jury trial (La.Code Crim.P. art. 851(1)). State v. Blackstone, supra; State v. Reeves, 342 So.2d 605 (La.1977); State v. Butler, 331 So.2d 425 (La.1976).
In the instant case, defendant did raise the no evidence issue by a motion for a judgment of acquittal; however, he did not designate the denial of that motion as an error to be urged on appeal. Hence, it is not before this court for review. La.Code Crim.P. art. 844; State v. Johnpire, 337 So.2d 221 (La.1976); State v. Dawson, 333 So.2d 637 (La.1976); State v. Jackson, 332 So.2d 211 (La.1976).
The only assignment of error defendant urges is the denial of his motion in arrest of judgment which is not a proper procedural vehicle to preserve the no evidence issue. Under normal circumstances, the issue would not be properly before this court for review. However, defendant apparently relied upon this court's decision in City of Monroe v. High, 254 La. 362, 223 So.2d 834 (1969) in which the motion in arrest of judgment was recognized as a possible means to preserve the no evidence issue under La.Code Crim.P. art. 859(5) on the ground that "the judgment of the trial court `is so defective that it cannot form the basis of a valid judgment.'" City of Monroe is in conflict with more recent decisions of this court which hold that the motion for a judgment of acquittal and motion for a new trial are the proper procedural vehicles to preserve the no evidence issue on appeal. See State v. Blackstone, supra; State v. Reeves, supra; State v. Butler, supra. We consider that City of Monroe makes an incorrect pronouncement of the law on this point; accordingly, we overrule it insofar as it is inconsistent with the views herein expressed. Nevertheless, in the instant case, we will consider the no evidence issue as properly before this court for review as we do not feel that defendant's right of review should be prejudiced by defense counsel's apparent reliance on an incorrect decision of this court.
Defendant's contention of no evidence of criminal negligence, an essential element of the crime of negligent homicide, is predicated on the trial judge's application of an improper legal standard, i. e., driving while intoxicated constitutes criminal negligence, to the evidence adduced at trial. The trial judge relied on language in this court's decision in City of Shreveport v. Baylock, supra, in applying this standard.
La.R.S. 14:12 provides:
Criminal negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.
*155 In City of Shreveport, this court stated: "[Driving while intoxicated] amounts to the mentioned `disregard of the interest of others' and, hence, constitutes criminal negligencean essential ingredient of the offense of reckless operation of a vehicle denounced by LRS 14:99." The context in which this statement was made was apparently misinterpreted by the trial judge in the instant case.
The statement was made in a discussion of whether or not a city ordinance concerning reckless driving conflicted with a state statute concerning reckless operation of a vehicle. Section 19-65 of the Code of Shreveport provided that driving while intoxicated constituted reckless driving; La.R.S. 14:99 provided that reckless operation of a vehicle was operation in a criminally negligent manner. In that context, this court found that driving while intoxicated could constitute criminal negligence; and, therefore, the two provisions were not in conflict. The choice of words is perhaps misleading when taken out of context.
La.R.S. 14:32 states in pertinent part:
Negligent homicide is the killing of a human being by criminal negligence.
The violation of a statute or ordinance shall be considered only as presumptive evidence of such negligence. (Emphasis added.)
La.R.S. 14:32 clearly provides that a violation of a statute shall be considered only as presumptive evidence of criminal negligence. Driving with 0.10 per cent or more by weight of alcohol in a person's blood does not constitute a violation of the statute prohibiting the driving of a vehicle while intoxicated (La.R.S. 14:98); it merely creates a rebuttable presumption thereof.[3] Even assuming that the trial judge found from the evidence that defendant was driving while intoxicated (a violation of La.R.S. 14:98), he incorrectly concluded that driving while intoxicated "constitutes criminal negligence." Driving while intoxicated does not constitute criminal negligence per se in the crime of negligent homicide; it creates only presumptive evidence of criminal negligence.
Since the trial judge was not in a position to properly assess the evidence due to the application of an incorrect legal standard, we consider that defendant's conviction must be reversed and the case remanded for a new trial in accordance with the views herein expressed.

DECREE
For the reasons assigned, the conviction and sentence are reversed and set aside; the case is remanded to the district court for a new trial in accordance with the views herein expressed.
SUMMERS, J., dissents.
DIXON, J., concurs, agreeing with the opinion, except that City of Monroe v. High should not be reversed.
DENNIS, J., dissents and assigns reasons.
DENNIS, Justice, dissenting.
The trial judge did not err in denying defendant's motion in arrest of judgment. The blood test indicated that defendant's blood contained sufficient alcohol to invoke the presumption that defendant was under the influence of alcohol. See, La.R.S. 32:662(A)(1)(c). There also was testimony that the evening was clear; that other drivers observed the bicycle from some distance; that the defendant took no evasive action and drove off following the accident without determining whether the victim was alive. Therefore, there was "some evidence" that the defendant was operating his vehicle in a criminally negligent manner at the time of the fatal accident. The determination of guilt in criminal cases is vested in the trier of fact and, as long as there is some evidence of the essential elements *156 of the crime charged, this Court has no authority to disturb the verdict. State v. Calvin, 337 So.2d 500 (La.1976).
I respectfully dissent.
NOTES
[1] La.R.S. 32:197A provides: "Every person operating a bicycle upon a roadway shall ride as near to the right side of the roadway as practicable . . . ."

La.R.S. 32:329A provides:
Every bicycle when in use at nighttime shall be equipped with a lamp on the front which shall emit a white light visible from a distance of at least five hundred feet to the front and with a red reflector on the rear and a reflector on each side facing outward at a right angle to the bicycle frame, all of a type approved by the department which shall be visible from all distances within six hundred feet to one hundred feet to the rear when directly in front of lawful lower beams of headlamps on a motor vehicle. A lamp emitting a red light visible from a distance of five hundred feet to the rear may be used in addition to the red reflector.
[2] La.R.S. 32:662A(1)(c) states: "The chemical test or tests as provided for by this Part shall be subject to the following rules . . .: If there was at that time 0.10 per cent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of alcoholic beverages." However, subsection C of the statute states:" The foregoing provisions of this section shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether the person was under the influence of alcoholic beverages." Hence, a 0.16 test result only creates a rebuttable presumption that the person is under the influence of alcohol.
[3] See footnote 2.