377 So.2d 338 (1979)
STATE of Louisiana ex rel. Michael S. PALERMO
v.
Honorable L. E. HAWSEY, Jr., Judge.
No. 65652.
Supreme Court of Louisiana.
November 20, 1979.
*339 Thomas L. Lorenzi, Hunt, Godwin, Painter & Roddy, Lake Charles, for plaintiff-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard K. Knapp, Jr., Dist. Atty., George V. Perez, Jr., Abbott J. Reeves, Asst. Dist. Attys., for defendant-respondent.
PER CURIAM.
Defendant is charged by bill of information with possession of phencyclidine, a violation of R.S. 40:967(C). He moved to suppress evidence of that contraband in the trial court. After a hearing conducted on July 10, 1979, the trial court denied the motion. We have granted defendant's application for supervisory writs to review that judgment. We now reverse.
Evidence at the hearing on the motion to suppress showed the following. On December 6, 1978, Errol B. Cheramie, an officer with the Louisiana State Police, travelled along Highway 90 in Calcasieu Parish on routine patrol. He spotted defendant driving out of a parking lot "... accelerating, spinning his tires." Defendant passed the officer travelling in the opposite direction "still accelerating." Cheramie turned his car around, got behind the vehicle, and pulled defendant over.
That stop led to the formal arrest of defendant when he could not produce a driver's license.[1] Cheramie cuffed defendant's hands behind him and proceeded to inspect the vehicle. As he was doing so, he noticed defendant, still cuffed, struggling to bring his hands up and around his back in an effort to reach his left shirt pocket. The officer walked over to defendant, reached into the pocket, and found a small aluminum packet. That packet yielded the phencyclidine defendant now seeks to suppress.
Cheramie testified at the hearing that he had initially stopped defendant for "improper starting," and issued him a citation for that offense. The state subsequently *340 charged defendant by information with that violation under the provisions of La. R.S. 32:103.[2] But the state abandoned this theory before the trial court, stipulating that defendant was not guilty of an improper start. In connection with this stipulation, the trial court noted "... that the proper offense would probably have been [r]eckless operation." "At any rate," the court concluded, "there was conduct on the part of the defendant which would indicate a violation of our traffic laws, and the man was stopped." It thus sustained the search of defendant as incident to a lawful arrest.
We disagree. This Court has repeatedly emphasized that "[p]robable cause to arrest exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense." State v. Wilkens, 364 So.2d 934, 936 (La.1978); State v. Drew, 360 So.2d 500 (La.1978); State v. Herbert, 351 So.2d 434 (La.1977); State v. Ranker, 343 So.2d 189 (La.1977); State v. Marks, 337 So.2d 1177 (La.1976). In State v. Wilkens, we also recognized that "... the constitution requires only that an officer's actions be justified against an objective standard of probable cause, and it does not require that the state be penalized for a purely subjective mistake by an officer." Wilkens therefore holds that an arrest for a crime for which probable cause does not exist can be justified by the probable cause to arrest for another offense.
We do not find that possibility exists on this record. As set forth above, the state conceded that defendant had not violated La.R.S. 32:103 which requires the operation of a vehicle (from a parked position) "with reasonable safety." We fail to see why, if alone by spinning his wheels and accelerating he has not started improperly, defendant has instead operated his vehicle in a reckless manner. R.S. 14:99 provides that reckless operation "... is the operation of any ... vehicle .. in a criminally negligent or reckless manner," and R.S. 14:12 defines criminal negligence as conduct "amount[ing] to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances." Criminal negligence is thus an essential element of the offense under R.S. 14:99, City of Shreveport v. Baylock, 236 La. 133, 107 So.2d 419 (1958) and we do not find that "gross deviation" below normal standards in the spinning wheels of defendant here.
The trial court thought that defendant's conduct may have violated other (unspecified) provisions of Louisiana's traffic regulations. But we find no evidence in the record that defendant was speeding, weaving in his lane, crossing the center line, or giving any other indication he was operating his vehicle recklessly or in violation of any other traffic provision. For that lack, his initial stop by Cheramie was illegal. As the discovery of contraband in defendant's pocket flowed from that initial stop, it was tainted by the prior illegality and should have been suppressed. State v. Herbert, 351 So.2d 434 (La.1977).
Accordingly, the judgment of the trial court is reversed.
REVERSED.
SUMMERS, C. J., and MARCUS and BLANCHE, JJ., dissent.
NOTES
[1] According to Cheramie, as the vehicle rolled to a stop, driver and passenger quickly exchanged places in the front seat. A brief interview with defendant's companion led to Cheramie's identification of defendant as the driver of the car, and his arrest of defendant on the license violation. For purposes of determining the legality of the subsequent search, we consider relevant only the basis for the initial stop of the vehicle, as all else in the case, including defendant's "suspicious" conduct in the car (and later outside), flowed directly from the initial seizure.
[2] The statute provides that "[n]o person shall move a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety."