504 So.2d 1005 (1987)
STATE of Louisiana
v.
Douglas REDFEARN
No. 86-KW-1061.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
*1006 Office of the Dist. Atty., Donaldsonville, for plaintiff-appellee.
John P. Calmes, Jr., Baton Rouge, for defendant-appellant.
Before EDWARDS, WATKINS and LeBLANC, JJ.
EDWARDS, Judge.
Defendant was charged with driving while intoxicated, LSA-R.S. 14:98, but convicted of reckless operation of a motor vehicle, LSA-R.S. 14:99. He sought writs in this court, contending that the trial court could not legally convict him of reckless operation of a motor vehicle on the DWI charge. We granted writs for the sole purpose of determining whether reckless operation of a motor vehicle is responsive to the charge of driving while intoxicated.
An offender may be charged with one offense and convicted of a lesser one only if the lesser offense is included in the greater charged offense. LSA-R.S. 14:5. Due process precludes conviction of a crime with which the defendant was not charged, or upon which he was not tried. State v. Booker, 385 So.2d 1186, 1191 (La.1980) (on reh'g). Consequently the question we must answer is whether reckless operation of a motor vehicle is a lesser and included offense in DWI. A lesser and included grade of the charged offense is one, all the elements of which are likewise elements of the greater charged offense. State ex rel. Elaire v. Blackburn, 424 So.2d 246, 248 (La.1982), cert. denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983). Thus if reckless operation of a vehicle is to be responsive to the charge of driving while intoxicated, all elements of reckless operation of a vehicle must be contained in the crime of driving while intoxicated.
Reckless operation of a vehicle has two elements: operation of a vehicle and criminal negligence. LSA-R.S. 14:99;[1]State ex rel. Palermo v. Hawsey, 377 So.2d 338 (La.1979). Driving while intoxicated has the element of operation of a vehicle, LSA-R.S. 14:98 A,[2] but criminal negligence is not a stated element. Thus, unless DWI necessarily includes criminal negligence or recklessness, reckless operation of a vehicle cannot be responsive to a DWI charge.
Unquestionably, driving while intoxicated can be criminal negligence. In State v. Pelt, 448 So.2d 1294 (La.), cert. denied, 469 U.S. 825, 105 S.Ct. 104, 83 L.Ed.2d 48 (1984), the defendant, who was charged with negligent homicide in connection with an auto accident, claimed that the evidence was insufficient for a conviction. The evidence showed that Pelt had been drinking and that he might have been taking Demerol. Finding the evidence clearly sufficient, the court stated that even if defendant's intoxication "resulted from a combination of Demerol and alcohol, rather than alcohol alone, driving in his condition amounted `to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.'" State v. Pelt, 448 So.2d at 1300 (quoting LSA-R.S. 14:12).
The question remains, however, whether driving while intoxicated necessarily includes criminal negligence, that is, whether criminal negligence is an understood, though unstated, element of the crime. Criminal statutes must be strictly construed. They may not be extended by analogy to create new crimes. LSA-R.S. 14:3. On the other hand, courts are *1007 charged to promote justice and give effect to the law by construing statutes genuinely, considering the fair and usual meanings of the words, the context, and the purposes of the statutes. Id.
Although the precise issue in this case is res nova, the Louisiana Supreme Court has dealt with the question whether criminal negligence is necessarily present in driving while intoxicated. In City of Shreveport v. Baylock, 236 La. 133, 107 So.2d 419 (1958), the defendant was convicted of reckless driving under a Shreveport ordinance which defined reckless driving as driving while intoxicated. He argued that the ordinance was unconstitutional because it was in conflict with LSA-R.S. 14:99 (reckless driving), which made no mention of driving while intoxicated in its definition. Looking to the definition of criminal negligence, i.e., "such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances," LSA-R.S. 14:12, the court concluded that criminal negligence was broad enough to include driving while intoxicated:
An act of that kind is certainly one of the gravest and potentially most dangerous types of any motor vehicle operation. The committing of it amounts to the mentioned "disregard of the interest of others" and, hence, constitutes criminal negligencean essential ingredient of the offense of reckless operation of a vehicle denounced by LRS 14:99.
City of Shreveport v. Baylock, 107 So.2d at 421. Consequently the court held that the Shreveport ordinance defining reckless driving as driving while intoxicated was not in conflict with the state law defining reckless driving as operation of a vehicle in a criminally negligent manner.
Then in State v. Williams, 354 So.2d 152, 155 (La.1977), the supreme court declared that driving while intoxicated was not criminal negligence per se. Williams was charged with negligent homicide, i.e., the killing of a human being by criminal negligence, LSA-R.S. 14:32. Because the evidence indicated that Williams was driving while intoxicated, the trial court, relying on City of Shreveport v. Baylock, had found criminal negligence solely on that basis.
The Williams court based its holding on the provision in the negligent homicide statute that the violation of a statute or ordinance can be considered only presumptive evidence of such negligence.[3] LSA-R.S. 14:32. Likewise, in State v. Green, 418 So.2d 609, 611 (La.1982), the court approved of a jury instruction to the effect that a finding of DWI does not require the finding of criminal negligence.
The presumption of fraud established in LSA-R.S. 14:71(A)(2) was at issue in State v. Lindsey, 491 So.2d 371 (La. 1986). In the course of its discussion of the distinction between mandatory and permissive presumptions, the court listed the presumption of criminal negligence established in LSA-R.S. 14:32 as one of the statutory presumptions which it interpreted as permissive. If the presumption of criminal negligence raised by DWI is only permissive, i.e., DWI does not require the inference of criminal negligence, then, a fortiori, criminal negligence is not an element of DWI. We can find no authority for holding that criminal negligence is a tacit element of DWI. That being the case, defendant was denied due process by being convicted of a crime with which he was not charged.
For the foregoing reasons, defendant's conviction and sentence are reversed, and defendant is ordered released. Defendant has been acquitted of DWI, and double jeopardy principles bar a second prosecution on that charge. Nevertheless this reversal of the reckless operation of a vehicle conviction is not based on insufficient evidence or the failure of the State to prove its case. Therefore double jeopardy does not bar further prosecution of defendant in connection with this incident. See *1008 State v. Booker, 385 So.2d at 1192 (citations omitted).
REVERSED.
NOTES
[1] "Reckless operation of a vehicle is the operation of any motor vehicle, aircraft, vessel, or other means of conveyance in a criminally negligent or reckless manner." LSA-R.S. 14:99.
[2] A. The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:

(1) The operator is under the influence of alcoholic beverages; or
(2) The operator's blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; or
(3) The operator is under the influence of any controlled dangerous substance listed in Schedule I, II, III, IV, or V as set forth in R.S. 40:964.
LSA-R.S. 14:98 A.
[3] The Williams court did not overrule Baylock, but rather believed that the trial judge misinterpreted it.