GOTHARD, Judge.
Defendant Richard Bruce entered a guilty plea to driving while intoxicated (LSA-R.S. 14:98), reserving his right to appeal the trial court’s adverse ruling on his motion to suppress the evidence and motion to produce on January 22, 1987.[1] State v. Crosby, 338 So.2d 584 (La.1976). He was thereafter ordered to attend Driver Improvement School, a Substance Abuse Program, and to perform thirty-two hours of community service, and sentenced to pay a fine of $150 plus costs, which was suspended.
On appeal the defendant raises three issues in connection with his pre-trial motions.[2] Finding merit in the third issue raised regarding the admissibility of the results of defendant’s breath alcohol analysis we reverse the judgment of the trial court on the motion to suppress these results, vacate the conviction and sentence and remand the matter for further proceed *1098 ings in accordance with law and this opinion without reaching a consideration of the other two issues.
Bruce was driving his motorcycle at 1:20 a.m. in Westwego, Louisiana when the difficulties he was then having keeping the motorcycle erect were noticed by police Sergeant J. Montville. Bruce was stopped, and because he showed signs of intoxication, he was ultimately given a breath alcohol test performed on an Intoxilyzer 5000 which produced a reading of .21 per cent of alcohol in his blood, giving rise to the presumption of his intoxication. LSA-R.S. 32:662. Bruce was then placed under arrest.
By way of his third designated issue, the defendant contends that the trial court erred in denying his motion to suppress the evidence.
The grounds of the defendant’s argument appear to be that the document used by the State to certify the results of the intoxilyzer were insufficient for failure to show instrument certification and recertifi-cation, operator certification, and maintenance and inspection certification. The State asserts that it introduced the requisite certification forms into the record.
Because the chemical analysis which shows the amount of alcohol in a person’s blood can give rise to a presumption that the person was under the influence of alcoholic beverages (LSA-R.S. 32:662), and because of the severe consequences to any defendant resulting from this presumption, the State must show that it has strictly complied with the procedures necessary to certify accuracy of the chemical analysis. LSA-R.S. 32:663; State v. Bradley, 504 So.2d 1144 (La.App. 5 Cir.1987). Consequently, the Department of Public Safety has issued strict regulations to insure the integrity and reliability of the chemical analysis including provisions for repair, maintenance, inspection, cleaning, certification, and chemical accuracy. 11 La.Reg. 256-259 (1985). A certificate issued by the Department establishes a prima facie case that these regulations have been complied with. State v. Morrison, 392 So.2d 1037 (La.1980).
The record in the instant case is devoid of the requisite certification forms needed to insure the validity of the chemical analysis performed by the Intoxilyzer 5000 on the defendant, nor is there any other record evidence with which to establish its validity. Rather, the record contains only the results of the defendant’s breath alcohol analysis and an operational checklist for the Intoxilyzer 5000 which merely indicates the steps that were performed during the administering of this test to the defendant. Accordingly, we find that the State failed to bear its burden of proving the admissibility of the results of the defendant’s breath alcohol analysis at the hearing on the motion to suppress this evidence, and the trial court erred in denying the defendant’s motion to suppress.
For these reasons, the judgment of the trial court on the motion to suppress the results of the defendant’s breath alcohol analysis is reversed, the defendant’s conviction and sentence are vacated and the matter is remanded to the trial court for further proceedings.
JUDGMENT REVERSED, CONVICTION AND SENTENCE VACATED AND CASE REMANDED.

. Defendant Bruce sought application for judicial review by supervisory writ, which was granted by this court on May 16, 1987 and placed on the appellate docket.

. Appellate counsel for defendant Bruce failed to list an assignment of alleged errors relied upon, rather he designated three issues for our consideration in connection with his motion to suppress the evidence and motion to produce. See, Rule 2-12.4 of the Uniform Rules — Courts of Appeal. However, it is apparent that he presents as error the trial court’s denial of his pre-trial motions.