DUFRESNE, Judge.
The defendant, Buu Dinh Tran, was charged by bill of information with: 1) failure to yield; 2) speeding; 3) DWI; and 4) reckless operation of a motor vehicle. On September 11,1987 defendant entered a plea of not guilty.
Trial was held on January 5, 1988. Defendant was found guilty of failure to yield and to DWI. On the first count he was fined seventy-five dollars. On the later count he was sentenced to six months in the parish prison. Execution of the sentence was suspended. Defendant was placed on eighteen months active probation, plus a fine of three hundred dollars, plus court costs and a fifty dollar special assessment as mandated by Act 37 of the 1983 Special Session.
Defendant was ordered to serve four eight-hour days of community service. Additionally, defendant must attend a substance abuse clinic and a driver improvement school.
Writs were granted by this court to review the ruling of the trial judge. Defendant urges four assignments of error.
FACTS
On August 1, 1987, Buu Dinh Tran was observed by officer George Haas exiting 1-10 onto Causeway Boulevard at a high rate of speed and failing to yield the road to ongoing traffic. The officer caught up with Mr. Tran at a red light and advised him to calm down. At that point, Mr. Tran ran the red light. Officer Haas attempted to have him pull over to no avail. Additional officers were called to assist in stopping Mr. Tran.
Mr. Tran was eventually stopped. Officer Millet, at the point of the stop, attempted to proceed with a field sobriety test. Mr. Tran refused. He was arrested for D.W.I., speeding, failure to control his vehicle and failure to yield.
Mr. Tran was transported to the lock-up. There, while being videotaped, he was given a sobriety test, as well as a blood alcohol test. His blood alcohol measured 0.12 percent by the Intoxilyzer 5000.
ASSIGNMENT OF ERROR NUMBER ONE
The trial court erred in its interpretation and subsequent application of the law.
Defendant argues the trial judge was not precluded from utilizing additional evidence to counter the results of the blood alcohol test.
In support of this argument, defendant cites State v. Williams, 354 So.2d 152 (La.1977) and Whittington v. American Oil Co., 508 So.2d 180 (La.App. 4th Cir.1987).
The Williams court found that a blood alcohol content of .10 percent or more merely creates a rebuttable presumption of violation of R.S. 14:98, operating a vehicle while intoxicated. However, this ruling has been reversed by the legislature’s amendment of R.S. 14:98 in 1983. As amended, R.S. 14:98 in pertinent part reads:
A. The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(1) The operator is under the influence of alcoholic beverages; or
(2) The operator’s blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; or
*650 In State v. Singer, 457 So.2d 690 (La.App. 4th Cir.1984) writ denied, 458 So.2d 465 (La.1984), the court noted:
The state argues that the 0.10 reading is merely a rebuttable presumption. See State v. Williams, 354 So.2d 152 (La.1977). However, with the 1983 amendment of R.S. 14:98, the 0.10 percent or above reading constitutes a violation of R.S. 14:98, not just a rebuttable presumption. At p. 691.
See also State v. Broussard, 517 So.2d 1000 (La.App. 3rd Cir.1987).
The Whittington opinion is irrelevant as there is no statutory presumption of intoxication in civil matters.
In the instant case, the trial judge was mandated to allow the statute which, as amended, prescribes a finding of intoxication when the blood alcohol concentration is 0.10 percent or more.
This assignment is without merit.
ASSIGNMENT OF ERROR NUMBER TWO
The trial court erred in admitting the results of the blood alcohol test in light of defendant’s not being advised of his rights in his natural language, so that he could understand and appreciate them.
In reviewing the record (minutes, motions and transcript) there is no indication that the defendant does not understand the English language.
On the contrary, the transcript reveals the defendant spoke English to the police. There was no motion for a court interpreter during the trial.
As there was no evidence defendant did not understand and appreciate his rights as they were told him, this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER THREE
The trial court erred in admitting the results of the blood alcohol test into evidence without the State thoroughly proving the accuracy and reliability of the results.
Judge Wicker, writing for this court in State v. Bradley, 504 So.2d 1144 (La.App. 5th Cir.1987) noted:
L.S.A.-R.S. 32:662 creates a statutory presumption of intoxication. Because of the severe consequences to any defendant resulting from this presumption, the state must show that it has strictly complied with the procedures necessary to insure accuracy of the PEI test. State v. Gregory, 403 So.2d 1225 (La.1981). The Department of Public Safety, consequently, has issued strict regulations regarding the method for chemical testing and the proper certification of the machines, the operators, the maintenance technicians, and the ampuls of test chemicals. 11 La.Reg. 256-258 (1985); State v. Morrison, 392 So.2d 1037 (La.1980). A certificate issued by the Department of Public Safety establishes a prima facie case that these regulations have been complied with. State of Louisiana v. Morrison, supra. At p. 1148.
See also State v. Bruce, 518 So.2d 1097 (La.App. 5th Cir.1987).
In the present case, the state presented into evidence the Certificate of Inspection Machine Recertification form which is signed by a certified technician. Additionally, in evidence is the certification card for the operator of the Intoxilyzer . 5000.
The evidence indicates the intoxilyzer was properly inspected per state regulations. The test was conducted by a certified operator. Thus, the test results were properly admitted into evidence.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER FOUR
The trial court erred in not basing its verdict on all of the admitted evidence.
Defendant argues that the trial judge should have considered all the evidence presented in the case, not merely the result of the Intoxilyzer 5000.
R.S. 14:98 provides:
A. The crime of operating a vehicle while intoxicated is the operating of any *651 motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(1) The operator is under the influence of alcoholic beverages; or
(2) The operator’s blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; or
(3) The operator is under the influence of any controlled dangerous substance listed in Schedule I, II, III, IV, or V as set forth in R.S. 40:964. [Emphasis added].
The trial judge, in reaching his verdict, is bound by the statute. The defendant had a blood alcohol concentration of 0.12 percent. The trial judge did state that the defendant did not appear intoxicated. This would have been sufficient prior to the statute’s amendment enacting subsection (2) to acquit defendant. However, subsection (2) mandates a conviction if the blood alcohol level exceeds 0.10 percent, as it did in the present case.
This assignment of error is without error.
We have further reviewed the record for any errors patent and find the following:
An error appears in the minutes. The minutes reflect defendant being placed on probation for a period of twelve months whereas the transcript reflects the period of probation as being eighteen months. When there is a discrepancy between the transcript and the minutes, the transcript must prevail. State v. Lynch, 441 So.2d 732 (La.1983).
Additionally, the sentence did not give the defendant credit for time served in accordance with C.Cr.P. art. 880.
Accordingly, it is ordered that the minutes herein be corrected to reflect the proper period of probation and that the sentence is amended to give credit for time served.
We find no other errors patent.
For the above reasons, we affirm the conviction and the sentence likewise is affirmed as amended.
AMENDED AND AFFIRMED AS AMENDED.
WICKER, J., concurs.