# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #005

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **30th day of January, 2018**, are as follows:

**BY CLARK, J.**:

2017-CA-1340        DAVID CARVER v. LOUISIANA DEPARTMENT OF PUBLIC SAFETY (Parish of E. Baton Rouge)

This case concerns the constitutionality of La. R.S. 32:667, particularly paragraphs La. R.S. 32:667 (H)(3) and (I)(1)(a). Plaintiff, David T. Carver, alleged these paragraphs violated the Due Process Clauses of the United States and Louisiana Constitutions.  Following the District Court's finding that the paragraphs violated the Due Process Clauses, the Department of Public Safety and Corrections, Office of Motor Vehicles (the State) directly appealed that finding to this Court.  For the reasons that follow, we find that the applicable paragraphs do not violate the Due Process Clauses of the United States and Louisiana Constitutions. Thus, we reverse the District Court's judgment of unconstitutionality and remand the matter for proceedings consistent with this holding. For the reasons given, we find that La. R.S. 32:667(H)(3), and (I)(1)(a) are constitutional and the judgment of the District Court is reversed.  The matter is remanded to the District Court for proceedings consistent with this holding.
REVERSED AND REMANDED.

WEIMER, J., Concurs in the result and assigns reasons.

SUPREME COURT OF LOUISIANA

No. 2017-CA-1340

DAVID CARVER

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY

ON APPEAL
FROM THE NINETEENTH JUDICIAL DISTRICT COURT,
FOR THE PARISH OF EAST BATON ROUGE

**CLARK, Justice**

This case concerns the constitutionality of La. R.S. 32:667, particularly paragraphs La. R.S. 32:667 (H)(3) and (I)(1)(a). Plaintiff, David T. Carver, alleged these paragraphs violated the Due Process Clauses of the United States and Louisiana Constitutions. Following the District Court's finding that the paragraphs violated the Due Process Clauses, the Department of Public Safety and Corrections, Office of Motor Vehicles (the State) directly appealed that finding to this Court. For the reasons that follow, we find that the applicable paragraphs do not violate the Due Process Clauses of the United States and Louisiana Constitutions. Thus, we reverse the District Court's judgment of unconstitutionality and remand the matter for proceedings consistent with this holding.

## FACTS AND PROCEDURAL HISTORY

In 2009, Plaintiff was arrested for driving while intoxicated (DWI) pursuant to La. R.S. 14:98. Plaintiff refused to submit to a chemical test for intoxication and his license was suspended for 180 days. The arrest did not result in a conviction, as Plaintiff participated in a pre-trial diversion program.

1

In 2014, Plaintiff was again arrested for DWI and charged with a violation of La. R.S. 14:98. At the time of the arrest, Plaintiff again refused to submit to a chemical test for intoxication. Plaintiff later pled guilty to the DWI charge. The District Court deferred Plaintiff's sentence and placed him on one-year probation. After more than one year, the District Court dismissed the charge.

As a result of the arrest and refusal to take the chemical test for intoxication, the State again suspended Plaintiff's driver's license, this time for one year. Plaintiff presented the District Court dismissal to the State in an attempt to reinstate his driver's license privileges. The State denied unrestricted reinstatement based on La. R.S. 32:667 (H)(3), which prohibits reinstatement of driving privileges if the person refused to submit to an approved chemical test upon a second or subsequent arrest, and upon the facts that Plaintiff was twice arrested for DWI and twice refused to submit to a chemical test for intoxication. The State then required Plaintiff to install an ignition interlock device on his vehicle as a condition to reinstatement pursuant to La. R.S. 32:667 (I)(1)(a) on the basis he had refused to submit to the chemical test for intoxication.

Plaintiff filed a written request for an administrative hearing to review the State's suspension of his driving privileges with the Division of Administration (DOA). After the hearing, the administrative law judge affirmed the State's ruling.

Plaintiff then filed a petition for judicial review of the State's ruling suspending his driver's license. The petition alleged that the DOA ruling violated constitutional and statutory provisions, exceeded the DOA's authority, and constituted an arbitrary and capricious exercise of discretion.

Thereafter, Plaintiff filed a motion for declaratory judgment, seeking to have La. R.S. 32:667 (H)(3) and (I)(1)(a) declared unconstitutional.

2

Prior to the hearing, the District Court informed the parties that any constitutional challenge would be preserved until after a ruling on the merits of the case, and only if necessary. After a hearing, the District Court affirmed the administrative judge's decision to suspend Plaintiff's driving privileges, ordered Plaintiff's driver's license suspended for 730 days pursuant to La. R.S. 32:667, ordered Plaintiff was eligible for a hardship driver's license, and required Plaintiff to have an interlock ignition device for the duration of the suspension period. The District Court also declined to declare La. R.S. 32:667 (H)(3) unconstitutional and refused to declare La. R.S. 32:667 (I)(1)(a) unconstitutional as an *ex post facto* law.

Plaintiff then filed a motion for consideration of the constitutional challenge, re-urging his constitutional challenge of La. R.S. 32:667 (I)(1)(a) based on the District Court's decision to defer a ruling on the issues of due process and double jeopardy until after a ruling on the merits.

On May 19, 2017, the District Court declared La. R.S. 32:667 (I)(1)(a) unconstitutional on the ground it violated due process. On May 25, 2017, the District Court amended its judgment to hold that both La. R.S. 32:667 (H)(3) and (I)(1)(a) were unconstitutional, as violating the Due Process Clauses of the United States and Louisiana Constitutions, as these provisions "mandate punitive duplicitous measures based entirely on a previous arrest, rather than on previous illegal conduct proven by any recognized burden." The District Court expressly declined to address the issue of whether La. R.S. 32:667 (H)(3) and (I)(1)(a) violate the Double Jeopardy Clause of the United States and Louisiana Constitutions.

The State directly appealed the District Court's ruling to this Court as allowed by Article V, § 5, Paragraph D of the Louisiana Constitution.

**LAW AND ANALYSIS**

3

Plaintiff contended at the District Court that various aspects of La. R.S. 32:667 are unconstitutional, namely La. R.S. 32:667 (H)(3) and (I)(a). Louisiana R.S. 32:667 provides in pertinent part:

> (H). (1.) When any person's driver's license has been seized, suspended, or revoked, and the seizure, suspension, or revocation is connected to a charge or charges of violation of a criminal law, and the charge or charges do not result in a conviction, plea of guilty, or bond forfeiture, the person charged shall have his license immediately reinstated and shall not be required to pay any reinstatement fee if at the time for reinstatement of driver's license, it can be shown that the criminal charges have been dismissed or that there has been a permanent refusal to charge a crime by the appropriate prosecutor or there has been an acquittal. If, however, at the time for reinstatement, the licensee has pending against him criminal charges arising from the arrest which led to his suspension or revocation of driver's license, the reinstatement fee shall be collected. Upon subsequent proof of final dismissal or acquittal, other than under Article 893 or 894 of the Code of Criminal Procedure, the licensee shall be entitled to a reimbursement of the reinstatement fee previously paid. In no event shall exemption from this reinstatement fee or reimbursement of a reinstatement fee affect the validity of the underlying suspension or revocation.
>
> * * *
>
> (3). Paragraph (1) of this Subsection shall not apply to a person who refuses to submit to an approved chemical test upon a second or subsequent arrest for R.S. 14:98 or 98.1, or a parish or municipal ordinance that prohibits driving a motor vehicle while intoxicated. However, this Paragraph shall not apply if the second or subsequent arrest occurs more than ten years after the prior arrest.
>
> * * *
>
> (I). (1)(a). Any person who has refused to submit to an approved chemical test for intoxication, after being requested to do so, for a second arrest of R.S. 14:98 or 98.1 or a parish or municipal ordinance that prohibits operating a vehicle while intoxicated and whose driver's license has been suspended in accordance with law.

Plaintiff's allegations stem from his plea of guilty to driving while intoxicated on November 17, 2014. His charge was dismissed on January 8, 2016. He applied to have his driving privileges reinstated by the Office of Motor Vehicles. The Office of Motor Vehicles denied his reinstatement because he had a prior arrest for driving while intoxicated in 2009. Following a hearing, the District Court held that La. R.S. 32:667 (H)(3) and (I)(l)(a) violated the Due Process Clauses of the United States and Louisiana Constitutions.

4

Questions of law, such as the proper interpretation of a statute, are reviewed by this Court under the de novo standard of review, and this Court is not required to give deference to the lower court in interpreting the constitutionality of a statute. *La. Municipal Ass'n v. State*, 04-0227 (La. 1/19/05), 893 So.2d 809, 836.

All statutory enactments are presumed constitutional, and every presumption of law and fact must be indulged in favor of legality. *Moore v. RLCC Technologies, Inc.*, 95-2621 (La. 2/28/96), 668 So.2d 1135. In the case of *City of Shreveport v. Pedro*, 170 La. 351, 127 So. 865 (La. 1930), this Court explained the basic requirements of a constitutional challenge: "It is elementary that all laws are presumed to be constitutional until the contrary is made clearly to appear, and that he who urges the unconstitutionality of a law must specially plead its unconstitutionality, and show specifically wherein it is unconstitutional." *Pedro*, 170 La. 351, 127 So. 865. Similarly, in *Johnson v. Welsh*, 334 So.2d 395, 396 (La. 1976), the court stated: "It is well settled that all laws are presumed to be constitutional until the contrary is made to appear, and that as a general rule a litigant cannot raise the unconstitutionality of a statute unless its unconstitutionality is specially pleaded and the grounds particularized." The presumption is especially forceful in the case of statutes enacted to promote a public purpose. *Polk v. Edwards*, 626 So.2d 1128, 1132 (La. 1993). The legislature is given great deference in the judicial determination of a statute's constitutionality, and legislators are presumed to have weighed the relevant constitutional considerations in enacting legislation. *Greater New Orleans Expressway Commission v. Olivier*, 04-2147 (La. 1/19/05), 892 So.2d 570, 573. Because a state statute is presumed constitutional, the party challenging the statute bears the burden of proving it is unconstitutional. *State v. Brenan*, 99-2291 (La. 5/16/00), 772 So.2d 64, 67. The burden plaintiffs carry in challenging the constitutionality of a statute is a heavy burden. It is not enough for a

5

person challenging a statute to show that its constitutionality is fairly debatable; it must be shown clearly and convincingly that it was the constitutional aim to deny the legislature the power to enact the statute. *Hite v. Larpenter*, 04-1821 (La.App. 1 Cir. 9/23/05), 923 So.2d 140, 145, *writ denied*, 05-2255 (La. 3/10/00), 925 So.2d 511.

The legislature's powers are derived from the citizens of the state who freely elect their legislative representatives; in other words, the provisions of the Louisiana Constitution serve as limitations on the otherwise plenary power exercised by the legislature, which may enact any legislation not prohibited by the Constitution. *Polk*, 626 So.2d at 1132.

Because of the presumption of constitutionality, in determining the validity of a constitutional challenge, a Court "must construe a statute so as to preserve its constitutionality when it is reasonable to do so." *M.J. Farms, Ltd. v. Exxon Mobil Corporation*, 07-2371, p. 22 (La. 7/1/08), 998 So.2d 16, 31. In addition, when deciding whether a particular legislative enactment is unconstitutional, this Court has repeatedly stated that it is not the court's "duty to determine the wisdom behind the enactment of [the] legislation." *M.J. Farms*, 998 So.2d at 34. Thus, so-called "policy considerations" are not relevant to the decision, as such considerations are more appropriately presented to the legislature, in the first instance, when the pros and cons of a proposed law are being debated. *M.J. Farms*, 998 So.2d at 34.

*Procedural Due Process*

Procedural due process requires that before an individual is deprived of a property or liberty right, the individual must be provided with notice and an opportunity to be heard. *State v. Golston*, 10-2804 (La. 7/1/11), 67 So.3d 452, 463. Louisiana R.S. 32:667 (A)(2) provides that an arrestee has thirty days from the date of arrest to make a written request for an administrative hearing. At this hearing, in

6

order to prove that license suspension is appropriate, the State must prove (among other things): (1) whether the arresting officer had reasonable grounds to believe the arrestee had been driving, or was in actual physical control of a motor vehicle upon the public highways of the state; (2) whether the arrestee was placed under arrest; (3) whether the arrestee was advised by the officer of his *Miranda* rights and that his driving privileges could be suspended for refusing to submit to the chemical test; and (4) whether he refused to submit to the test upon the request of the officer. La. R.S. 32:668 (A). If the administrative hearing officer upholds the suspension, the arrestee then has the right to appeal the decision of the administrative hearing to a judicial court. La. R.S. 32:668 (C)(1).

La. R.S. 32:667 (H)(3) prohibits someone who refuses a chemical test for a second arrest of driving while intoxicated from being exempt from paying fees. This provision does not deprive one who refuses a chemical test of due process. As La. R.S. 32:667 (G) provides, "[n]otwithstanding the provisions of any other law, any person whose license has been suspended under the provisions of this Section, shall, after completion of the period of suspension, be required to pay a reinstatement fee of fifty dollars to the department for the return of his license." Anyone whose license is suspended under this section is required to pay the fee, and anyone whose license is suspended has the right to an administrative hearing pursuant to the provisions of La. R.S. 32:667. This administrative hearing provides the notice and opportunity to be heard. Therefore, La. R.S. 32:667 (H)(3) affords procedural due process.

Plaintiff argued during oral argument that the process was flawed, in that an arrestee who was wrongly arrested would be deprived of the early reinstatement opportunity contained in La. R.S. 32:667 (H)(1). This argument is baseless, as the State must prove during the administrative hearing that an arresting officer "had reasonable grounds" for the arrest. La. R.S. 32:668 (A)(1).

7

"Substantive due process rights are balanced against the police power of a governing authority to protect the health, safety, morals and general welfare of the people. Governments have an inherent need 'to protect the safety and welfare of their citizens from the unrestrained liberty of some individuals.'" *Golston*, 67 So.3d at 467.

The Louisiana Highway Regulatory Act, established in La. R.S. 32:1 *et seq.*, was enacted pursuant to the police power of the State and governs those traveling on roads throughout Louisiana. The Louisiana Highway Regulatory Act created two primary departments to serve this purpose, the Department of Transportation and Development, created by La. R.S. 32:2, and the Department of Public Safety, created by La. R.S. 32:3.

The police power of the State was further explained in *Polk*, 626 So.2d at 1142, which held: La. Const. Art. VI, § 9 (B) provides that "notwithstanding any provisions of this Article, the police power of the state shall never be abridged." While this Court has acknowledged that the term "police power" is best defined on a case by case basis, this term is generally described as the inherent power of the state to govern persons and things for the promotion of general security, health, morals, and welfare. *Polk*, 626 So.2d at 1142. Louisiana R.S. 32:667, in particular La. R.S. 32:667 (H)(3) and (I)(1)(a), simply serves as an exercise of the legislature's right to regulate the operation of motor vehicles in Louisiana for the benefit of public health, safety, morals and general welfare of the citizens of the State, and the statute is rationally related to such a purpose.

As this Court has said regarding driving while intoxicated:

We have already determined that the right to operate a motor vehicle in Louisiana is a privilege granted by the state and not a constitutional

right. Consequently, the state has and can enact numerous conditions on that privilege.

Our constitution wisely provides for separation of powers, and authorizes the legislature to make public policy determinations of controversial issues. Therefore, under our constitution, the legislature has determined that the public policy of Louisiana is to keep drunk drivers off the state highways. [The propriety of such] public policy [] should not be determined by this court.

Moreover, the state's interests are immediately apparent: (1) the lack of compliance with the law . . .; (2) the high incidence of motor-vehicle accidents involving drunk drivers; (3) the reduction of deaths and injuries that usually result from motor vehicle accidents involving drunk drivers; and (4) the evident risk of the defendant continuing to drive while intoxicated . . . . The state's interests are significant.

*State v. Edwards*, 00-1246 (La. 6/1/01, 15), 787 So.2d 981, 992–93 (citations omitted). As a means of identifying drunk drivers, the above is applicable to requiring chemical testing. Thus, requiring motorists reasonably suspected of driving while intoxicated to undergo chemical testing is directly and reasonably related to the health, safety, morals and general welfare of the citizens of the State.

Further, Louisiana has an "implied consent" law, and this Court has previously recognized that the United States Supreme Court has declared that such laws are constitutional. *See Monroe v. High*, 223 So.2d 834, 838 (La. 1969) (citing *Breithaupt v. Abram*, 352 U.S. 432, 77 S.Ct. 408, 1 L.Ed.2d 448 (1957), and *Schmerber v. State of California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). In *Monroe*, which dealt with the refusal to give permission to secure a sample of blood by venipuncture for the performance of blood alcohol determination, this Court noted that the implied consent law provides that any person who operates a motor vehicle upon the public highways of Louisiana shall be deemed to have given consent to a chemical test to measure his blood alcohol content. *Monroe*, 223 So.2d at 838. Given this implied consent, the legislature, again, clearly has a rational basis for penalizing the refusal of an arrestee for

declining to consent to a chemical test by either charging an enhanced administrative fee for license reinstatement, or by withholding reinstatement altogether. Further, charging an administrative fee, or withholding reinstatement, to those suspected of driving while intoxicated is, likewise, clearly within the police power of the state, and thus does not violate substantive due process.

## CONCLUSION

For the reasons given, we find that La. R.S. 32:667 (H)(3) and (I)(1)(a) are constitutional, and the judgment of the District Court is reversed. The matter is remanded to the District Court for proceedings consistent with this holding.

**REVERSED AND REMANDED**

01/30/18

# SUPREME COURT OF LOUISIANA

## NO. 2017-CA-1340

## DAVID CARVER

## VERSUS

## LOUISIANA DEPARTMENT OF PUBLIC SAFETY

*ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT,
FOR THE PARISH OF EAST BATON ROUGE*

**WEIMER, J.**, concurring.

I concur in the result and write separately to point out that the district court focused on the defendant's arrest in holding the statute unconstitutional. While the arrest is a prerequisite to offering the test for alcohol consumption to one charged with driving while intoxicated, and the defendant is innocent until proven guilty, the defendant's refusal to consent to the test should be the focal point.

Of course, as recognized by the majority,[1] driving is a privilege and not a right. **State v. Jackson**, 00-0015, p. 10 (La. 7/6/00), 764 So. 2d 64, 72. The state can impose reasonable requirements on a driver to exercise that privilege. See *id.* Under the statutory provisions in question, after the arrest, the defendant is faced with a choice–to take or to refuse the test. A difficult choice is still a choice. Ultimately, the consequences imposed result from the refusal to take the test in this matter, not from the arrest itself. Therefore, the statutory provisions in question satisfy the due process requirements.

Accordingly, I respectfully concur in the result in this matter.

---

[1] **Carver v. Louisiana Department of Public Safety**, 17-1340 (La. 1/30/18), slip op. at 8.