| GARY MATTHEW PATTERSON | * | NO. 2024-CA-0711 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| JASON WILLIAMS IN HIS CAPACITY AS THE DISTRICT ATORNEY FOR THE PARISH OF ORLEANS AND DEVIN GEORGE IN HIS CAPACITY AS LOUISIANA STATE REGISTRAR AND VITAL RECORDS CUSTODIAN | FOURTH CIRCUIT | |
| | * | |
| | STATE OF LOUISIANA | |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2024-00859, DIVISION "I-14"
Honorable Lori Jupiter, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Tiffany Gautier Chase, Judge Monique G. Morial)

James A. Graham
Ashley Potter
Sharon D. Williams
Erin E. Rum
THE LAW OFFICE OF JAMES A. GRAHAM, LLC
701 Loyola Avenue, Suite 403
New Orleans, LA 70113

      COUNSEL FOR PLAINTIFF/APPELLEE

Neal R. Elliott, Jr.
BUREAU OF LEGAL SERVICES
LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS
628 N. Fourth Street
P.O. Box 3836
Baton Rouge, LA 70821-3836

      COUNSEL FOR DEFENDANT/APPELLANT

              **VACATED AND REMANDED**

              **MARCH 13, 2025**

*DLD*
*TGC*
*MGM*

In this matter concerning a petition for name change and for issuance of a new birth certificate, the defendant, Nadine Smith, in her official capacity as Louisiana State Registrar and Vital Records Custodian ("State Registrar"), appeals the district court's judgment in favor of the plaintiff, Gary Matthew Patterson ("Patterson"). For the reasons that follow, we vacate the judgment of the district court and remand this matter to the district court for further proceedings consistent with this opinion.

**FACTS AND PROCEDURAL HISTORY**

On January 30, 2024, Patterson filed a verified petition for name change and for issuance of a new birth certificate. Patterson desired to have the name changed to Blair Olivia Patterson and the designation of sex changed to female. The petition was filed without attaching a certified copy of the original birth certificate as required by La. R.S. 40:62(B) or any other attachments. The State Registrar was served with the petition, through the Louisiana Department of Health's Bureau of Legal Services, on March 11, 2024.

1

The State Registrar filed an answer to the petition and a request for notice on March 22, 2024. On April 12, 2024, Patterson filed a motion and order to fix for trial, which requested that the matter be submitted on briefs, but did not state whether the State Registrar had agreed or objected to the submission of the matter on briefs. The order accompanying this motion was stamped "Moot" by the district court with a notation of "New Motion Filed."

On July 30, 2024, Patterson filed a trial memorandum in support of petition for issuance of new birth certificate without a certificate of service certifying that a copy was served on the State Registrar. On August 19, 2024, an order was rendered by the district court granting the petition "on the pleadings; no trial necessary." A signed judgment was rendered by the district court on September 30, 2024, and it ordered the State Registrar "to correct birth record (#119-1996-033-00709) to change the sex designated thereon to Female and in accordance with La. R.S. 40:62 shall issue petitioner a new birth certificate reflecting the foregoing gender correction." The State Registrar filed a motion and order for suspensive appeal on October 21, 2024.

**DISCUSSION**

On appeal, the State Registrar raises the following assignments of error: (1) the district court erred by rendering and signing a final judgment that, as the record indicates, was not the product of a final summary or ordinary disposition held contradictorily against the State Registrar and was essentially an *ex parte* judgment; (2) the district court erred by rendering and signing a final judgment

2

that, as the record indicates, does not appear to be based on the consideration, at a hearing, of the evidentiary proof required under La. R.S. 40:62(C); and (3) the district court erred, in a procedurally flawed *ex parte* manner, by allowing the petitioner to submit a matter that La. R.S. 40:62(B) requires to proceed contradictorily against the State Registrar, for final consideration by brief/memorandum rather than through the presentation of the required evidence at a contradictory hearing.

Questions of law, such as the proper interpretation of a statute, are reviewed by appellate courts under the *de novo* standard of review, and the appellate court is not required to give deference to the lower court in interpreting a statute. *Carver v. Louisiana Dep't of Pub. Safety*, 17-1340, p. 4 (La. 1/30/18), 239 So.3d 226, 230; *St. Bernard Port, Harbor & Terminal Dist. v. Guy Hopkins Constr. Co.*, 16-0907, p. 4 (La. App. 4 Cir. 5/5/17), 220 So.3d 6, 10.

La. R.S. 40:62(A) provides that "[a]ny person born in Louisiana who has sustained sex reassignment surgery which has changed the anatomical structure of the individual to that of a sex other than that which appears on the original birth certificate of the individual, may petition a court of competent jurisdiction to obtain a new certificate of birth." "[S]uits authorized by this Section shall be filed contradictorily against the state registrar." La. R.S. 40:62(B). "The court shall require such proof as it deems necessary to be convinced that the petitioner was properly diagnosed as a transsexual or pseudo-hermaphrodite, that sex reassignment or corrective surgery has been properly performed upon the

3

petitioner, and that as a result of such surgery and subsequent medical treatment the anatomical structure of the sex of the petitioner has been changed to a sex other than that which is stated on the original birth certificate of the petitioner." La. R.S. 40:62(C).

La. R.S. 40:62(B) requires that the petitioner proceed contradictorily against the State Registrar. In the instant case, the plaintiff filed a motion and order to fix for trial that stated "mover desires that this matter be decided on briefs submitted to the court and that a judgment be granted in response to Mover's request for a new birth record." Thereafter, the plaintiff filed a trial memorandum in support of petition for issuance of new birth certificate. The trial memorandum did contain an order to set the matter for trial. However, on August 19, 2024, the district court crossed through the language setting the matter for trial, stamped "Granted" on the order, and added the handwritten notation of "on the pleadings; no trial necessary." The September 30, 2024 judgment does not indicate that any type of hearing was held in the final disposition of this matter. Additionally, the appeal record is devoid of any minute or hearing transcripts that indicate any form of hearing or trial was held in this matter and indicates that the disposition of this matter took place in an *ex parte* manner. None of the proceedings comported with the specific contradictory requirements of La. R.S. 40:60(B). In *Arnaud v. George*, 23-744 (La. App. 3 Cir. 4/24/24), 387 So.3d 818, the Third Circuit addressed the State Registrar's appeal of procedural deficiencies and irregularities by vacating the

4

district court's deficient judgment and remanding the matter back to the district court for further proceedings.

The evidentiary considerations in La. R.S. 40:62(C) also suggest that the district court should have conducted an evidentiary hearing in its disposition of this matter. La. R.S. 40:62(C) provides in part that:

> petitioner was properly diagnosed as a transsexual or pseudo-hermaphrodite, that sex reassignment or corrective surgery has been properly performed upon the petitioner, and that as a result of such surgery and subsequent medical treatment the anatomical structure of the sex of the petitioner has been changed to a sex other than that which is stated on the original birth certificate of the petitioner.

This statutory language requires that the proof deemed necessary by the presiding court should be in the form of evidence taken, by the court, within the context of a hearing. By analogy, this Court recently held, in the context of a summary judgment motion before a court, that "La. C.C.P. art. 963 requires a contradictory hearing when the mover is not clearly entitled or when there is a need for supporting proof." *Mangum v. Tate*, 24-0260, p. 4 (La. App. 4 Cir. 5/29/24), 390 So.3d 452, 455. Accordingly, some form of hearing or trial that is conducted by summary or ordinary procedure is necessary. Therefore, the district court in this case was clearly and legally wrong in not holding a contradictory proceeding before granting the plaintiff's petition.

Finally, the State Registrar filed along with its answer a "Request For Notice" in accordance with the provisions of La. C.C.P. art. 1572. That request provides for at least a ten-day notice to the requesting party prior to the trial date. No such notice was forthcoming in this matter as the trial court granted an *ex parte*

5

motion on the pleadings. As such the provisions of La. C.C.P. art. 1572 were not met.

**CONCLUSION**

For the above and foregoing reasons, the district court's judgment granting Patterson's petition for name change and for issuance of a new birth certificate is hereby vacated and this matter is remanded to the district court for further proceedings consistent with this opinion.

**VACATED AND REMANDED**