| | | |
|---|---|---|
| **BRC CONSTRUCTION GROUP, LLC** | * | **NO. 2024-CA-0657** |
| | * | **COURT OF APPEAL** |
| **VERSUS** | | |
| | * | **FOURTH CIRCUIT** |
| **NEW ORLEANS REGIONAL TRANSIT AUTHORITY** | * | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2024-03335, DIVISION "F-14"
Honorable Jennifer M Medley
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

**LOBRANO, J., CONCURS WITH REASONS**

Andre Eugene Maillho
BERNHARD LLC
1 Galleria Blvd., Suite 825
Metairie, LA 70001

      COUNSEL FOR PLAINTIFF/APPELLEE


Meagan Impastato
IMPASTATO LAW FIRM, LLC
650 Poydras Street
Suite 2317
New Orleans, LA 70130

      COUNSEL FOR DEFENDANT/APPELLANT


            **REVERSED AND REMANDED**
            **APRIL 1, 2025**

*RDJ*

Appellant, New Orleans Regional Transit Authority ("RTA"), appeals the district court's July 16, 2024 judgment granting Appellee, BRC Construction Group, LLC's ("BRC") writ of mandamus. The writ of mandamus ordered RTA to pay BRC $455,966.13[1] pursuant to the contract between both parties and $68,394.92 in attorney's fees and interest. For the following reasons, we reverse the district court's judgment and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On March 29, 2022, RTA and BRC executed a $250,000.00 contract pursuant to RTA's request for proposal that was published on October 1, 2021. The contract provided that BRC was to provide facility maintenance and construction support services to repair RTA's physical structures at different locations within New Orleans for $250,000.00. From July 21, 2022 to September 27, 2023, RTA's Board of Commissioners approved eight change orders totaling $1,017,506.86, raising the total contract amount to $1,267,506.86. The following are the dates of the base contract and change orders issued along with the corresponding compensation approved:

---

[1] In the district court's judgment, there was a clerical error to the amount awarded to BRC. Although the district court judgment listed $455,916.13 as the amount due, the correct amount is $455,966.13.

- Base Contract: Date approved, 03/29/2022; Total Compensation, $250,000.00

- Change Order #1: Date approved, 07/21/2022 and 07/26/2022; Total Compensation, $201,000.00

- Change Order #2: Date Approved, 07/21/2022; Total Compensation, $70,000.00

- Change Order #3: Date Approved, 09/21/2022, Total Compensation; $51,000.00

- Change Order #4: Date Approved, 12/05/2022, Total Compensation; $15,870.00

- Change Order #5: Date Approved; 01/06/2023, Total Compensation; 74,278.21

- Change Order #6: Date Approved; 01/13/2023, Total Compensation; $3,484.00

- Change Order #7: Date Approved; 01/24/2023, Total Compensation; $51,874.65

- Change Order #8: Date Approved; 09/27/2023, Total Compensation; $550,000.00

Of the $1,267,506.86 total, BRC was paid $811,540.73. The following are the check deposit dates and the amount of compensation reflected in the work invoices between RTA and BRC:

- On 09/07/2022, RTA compensated BRC $14,959.80

- On 10/13/2022, RTA compensated BRC $8,800.00

- On 12/21/2022, RTA compensated BRC $353,036.30

- On 02/15/2023, RTA compensated BRC $5,000.00

- On 02/24/2023, RTA compensated BRC $55,358.65

- On 04/06/2023, RTA compensated BRC $21,529.00

- On 04/27/2023, RTA compensated BRC $79,092.05

- On 07/07/2023, RTA compensated BRC $108,413.47

- On 09/07/2023, RTA compensated BRC $165,351.46

The eighth and last change order ("Change Order #8") is the only change order at issue.

On or about November 2023, BRC contacted RTA for the remaining $455,966.13 payment pursuant to the March 29, 2022 contract and the associated change orders. On January 2, 2024, RTA requested that BRC submit supporting documents to substantiate the amount requested. On April 14, 2024, BRC filed their petition alleging that RTA failed to pay the $455,966.13 owed as a result of Change Order #8. During a May 6, 2024 hearing, the district court judge denied BRC's writ of mandamus, finding that it was premature. On May 28, 2024, the district court judge issued an order on its own motion for new trial, vacating its prior oral ruling denying BRC's petition for writ of mandamus. The district court judge reset the matter for hearing on June 12, 2024, and ordered both parties to submit briefs on the specific issue of the Public Works Act pursuant to La. R.S. 38:2191.

During the June 12, 2024 hearing, RTA and BRC disagreed about whether RTA was required to pay BRC $455,966.13 pursuant to La. R.S. 38:2191. The district court judge granted the writ of mandamus, finding that RTA owed BRC the $455,966.13 from Change Order #8, as well as $68,394.92 in attorney's fees and interest. This timely appeal followed.

On appeal, RTA raises three assignments of error: (1) The district court committed legal error in issuing a writ of mandamus pursuant to La. R.S. 38:3191 ordering appellant to pay $455,916.13, (2) The district court committed legal error by issuing a writ of mandamus ordering the appellant to pay $68,394.92 under La. R.S. 38:2191 (B) in attorney's fees and interest, and (3) The district court committed manifest error when it issued the writ of mandamus "after hearing the arguments of counsel, the evidence and the Pleadings" because there was no testimony, affidavits or evidence offered, submitted or introduced on the record at

3

the trial of this matter, no affidavit or verification attached to the Petition, and appellant filed an Answer explicitly denying all claims in the Petition and there was no stipulation as to any facts or exhibits.

## STANDARD OF REVIEW

This Court has applied a mixed standard of review when a case involves findings of fact and questions of law. In *Commodore v. City of New Orleans*, this Court outlines which standard of review is appropriate when there are issues regarding findings of fact and questions of law:

> Generally, an appellate court reviews a trial court's judgment on a writ of mandamus under an abuse of discretion standard. *Lewis v. Morrell,* 2016-1055, p. 5 (La. App. 4 Cir. 4/5/17), 215 So.3d 737, 740 (citing *Hatcher v. Rouse,* 2016-0666, p. 3, n. 2 (La. App. 4 Cir. 2/1/17), 211 So.3d 431, 433; *Constr. Diva, L.L.C. v. New Orleans Aviation Bd.,* 2016-0566, p. 12 (La. App. 4 Cir. 12/14/16), 206 So.3d 1029, 1037). Also, a trial court's findings of fact in a mandamus proceeding are subject to a manifest error standard of review. *St. Bernard Port, Harbor & Terminal Dist. v. Guy Hopkins Constr. Co.,* 2016-0907, p. 4 (La. App. 4 Cir. 4/5/17), 220 So.3d 6, 10. However, questions of law, such as the proper interpretation of a statute, are reviewed by appellate courts under the *de novo* standard of review, and the appellate court is not required to give deference to the lower court in interpreting a statute. *Carver v. Louisiana Dep't of Pub. Safety,* 2017-1340, p. 4 (La. 1/30/18), 239 So.3d 226, 230; *St. Bernard Port, Harbor & Terminal Dist.,* 2016-0907, p. 4, 220 So.3d at 10.

19-0127, p. 9 (La. App. 4 Cir. 6/20/19), 275 So.3d 457, 465-466. *See also Jarquin v. Pontchartrain Partners, L.L.C.,* 19-0737, p. 7 (La. App. 4 Cir. 1/22/20), 289 So.3d 1129, 1134.

## DISCUSSION

4

RTA first argues that the district court judge erred in ordering them to pay $455,966.13 pursuant to La. R.S. 38:2191(A) and $68,394.92 in attorney's fees and interest pursuant to La. R.S. 38:2191(B). La. R.S. 38:2191 provides:

A. All public entities shall promptly pay all obligations including approved change orders, arising under public contracts when the obligations become due and payable under the contract. All progressive stage payments and final payments shall be paid when they respectively become due and payable under the contract.

B. (1) Any public entity failing to make any progressive stage payment within forty-five days following receipt of a certified request for payment by the public entity without reasonable cause shall be liable for reasonable attorney fees and interest charged at one-half percent accumulated daily, not to exceed fifteen percent. Any public entity failing to make any final payments after formal final acceptance and within forty-five days following receipt of a clear lien certificate by the public entity shall be liable for reasonable attorney fees and interest charged at one-half percent accumulated daily, not to exceed fifteen percent.

(2) Any interest received by the contractor pursuant to Paragraph (1) of this Subsection, shall be disbursed on a prorated basis among the contractor and subcontractors, each receiving a prorated portion based on the principal amount due within ten business days of receipt of the interest.

C. The provisions of this Section shall not be subject to waiver by contract.

D. Any public entity failing to make any progressive stage payments arbitrarily or without reasonable cause, or any final payment when due as provided in this Section, shall be subject to mandamus to compel the payment of the sums due under the contract up to the amount of the appropriation made for the award and execution of the contract, including any authorized change orders.

E. A declaration that a public works contract is null and void as being contrary to the provisions of R.S. 38:2211 et seq. shall not affect amounts due and payable under the contract, including overhead and profit, for the work performed by or on behalf of the contractor.

5

Neither party contests that La. R.S. 38:2191 applies and that the change order payments are classified as progressive payments. RTA argues that BRC failed to prove the statutory requirements outlined in La. R.S. 38:2191(A) and La. R.S. 38:2191(B). In particular, RTA asserts that BRC failed to (1) show that Change Order #8 became "due and payable under the contract" pursuant to La. R.S. 38:2191(A) and (2) send a "certified request for payment" to RTA pursuant to La. R.S. 38:2191(B). Conversely, BRC argues that when RTA approved the change orders, the amount listed in the work order became due and payable. BRC further argues that RTA is liable for reasonable attorney fees plus interest pursuant to La. R.S. 38:2191(B) as a result of RTA failing to meet their payment obligations. After review of the law and record, we find that the district court committed manifest error in finding that RTA owed BRC $455,966.13 pursuant to La. R.S. 38:2191(A) and $68,394.92 in attorney's fees and interest pursuant to La. R.S. 38:2191(B).

According to La. R.S. 38:2191(A), the public entity "shall promptly pay all obligations including approved change orders, arising under public contracts when the obligations become due and payable under the contract." The word "shall" expresses that the public entity has a mandatory duty to pay all obligations when they become due and payable. *Wallace C. Drennan, Inc. v. St. Charles Par.*, 16-177, p. 10 (La. App. 5 Cir. 9/22/16), 202 So.3d 535, 544. If the public entity were to fail in paying their obligation, then La. R.S. 38:2191(D) "subjects the public entity to mandamus to compel the payment of the sums due under the contract." *Id.* Determining whether an obligation is due and payable depends on the terms of the contract.

6

> [M]andamus relief under La. R.S. 38:2191 is available only when there is no discretion left to the public entity as to whether payment is due and payable under the terms of the contract and, conversely, that "reasonable cause" for nonpayment exists when the terms of the contract do not mandate payment under the circumstances of the particular case.

*St. Charles Par.*, 16-177, p. 11, 202 So.3d at 544.

Upon review of the jurisprudence, we find that BRC failed to introduce evidence in support of their writ of mandamus claim. While the record shows that multiple documents were appended to RTA and BRC's memoranda in support of the Writ of Mandamus, the Louisiana Supreme Court has stated that "[e]vidence not properly and officially introduced cannot be considered, even if it is physically placed in the record. *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. "Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Id.* "Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence." *Id.* (citing La. C.C.P. art. 2164). As such, we cannot consider the attached documents to RTA and BRC's memoranda in the trial court. This Court may only consider the pleadings and oral argument presented on the record.

To determine whether there is discretion as to when the payment is due and payable, we would need to look to the contract between RTA and BRC. *See Woodrow Wilson Constr. LLC v. Orleans Par. Sch. Bd.*, 17-0936, p. 6 (La. App. 4 Cir. 4/18/18), 245 So.3d 1, 5. As we cannot review the contract between the parties, there is no way for this court to determine if Change Order #8 became due and payable. Further, there is nothing in the record reflecting a receipt of a certified request for payment. BRC "has the burden of proof to establish a clear and specific

right to compel the performance of a ministerial duty." *Lewis v. St. John the Baptist Par. Through Cador*, 22-43, p. 4 (La. App. 5 Cir. 10/19/22), 351 So.3d 734, 739 citing *State through Morrell v. City of New Orleans through Landrieu*, 17-0110, p. 13 (La. App. 4 Cir. 12/21/17), 234 So.3d 1071, 1080. As such, BRC failed to establish that they have a clear and specific right to compel the performance of a ministerial duty – that is payment of the $455,966.13 – from RTA. BRC has not provided and proof that the requirements outlined in La. R.S. 38:2191 were satisfied.

## DECREE

For the foregoing reasons, we reverse the district court's July 16, 2024 judgment granting writ of mandamus and remand for further proceedings.

**REVERSED AND REMANDED**